UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANIEL McCARTHY,<br>     Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,    Defendants. | C.A. No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Massachusetts Mutual Life Insurance Company and Liberty Life Assurance Company of Boston (collectively "Defendants") hereby file this Notice of Removal of this case from the Rockingham, New Hampshire, superior Court (the "State Court"), captioned as *Daniel McCarthy v. Massachusetts Mutual Life Insurance Co., et al.*, Civil Action No. 218-2018-CV-01137, where it is currently pending, to the United States District Court for the District of New Hampshire. This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., thus supplying federal question jurisdiction.

Defendants respectfully show the Court:

1. On or about October 1, 2018, Plaintiff Daniel McCarthy ("Plaintiff") commenced an action against Defendants by filing a Complaint in the State Court.

2. On November 1, 2018, Defendant Liberty Life Assurance Company of Boston ("Liberty") received copies of the Summons, Complaint, and other documents from the Plaintiff. A true and correct copy of the Summons, Complaint, and other documents received by Liberty are attached hereto as Exhibit A.

1

3. On November 1, 2018, Defendant Massachusetts Mutual Life Insurance Company ("Massachusetts Mutual") received copies of the Summons, Complaint, and other documents from the Plaintiff. A true and correct copy of the Summons, Complaint, and other documents received by Massachusetts Mutual are attached hereto as Exhibit B.

4. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of November 1, 2018, the earliest date that either Defendant received the initial pleadings upon which this action is based.

5. The United States District Court for the District of New Hampshire is the federal district court within the federal judicial district embracing the State Court where this action was originally filed. Venue is therefore proper under 28 U.S.C. §§ 109 and 1441(a).

**Federal Question Jurisdiction**

6. The Complaint alleges that the Plaintiff is a beneficiary of a group disability insurance policy ("Group Policy") issued by Liberty to Plaintiff's employer, Massachusetts Mutual. *See* Compl. at ¶¶ 2–8. Plaintiff further alleges that the Group Policy is part of an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002. *See id.* at § 7. As alleged in the Complaint, the Group Policy is part of: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer; (4) for the purpose of providing benefits in the event of sickness, accident, or disability; (5) to participants or their beneficiaries. *See* 29 U.S.C. § 1002(3). Accordingly, the Group Policy is part of an employee welfare benefit plan as defined by ERISA.

7. Plaintiff alleges that Liberty has wrongfully withheld benefits that Plaintiff claims he is entitled to receive under the Group Policy and his employer's plan. *See* Compl. at ¶¶ 9–24. Plaintiff further alleges that he is entitled to recover such benefits pursuant to 29 U.S.C.

§ 1132(a)(1)(B). *See* <u>id.</u> at ¶ 4. Thus, Plaintiff claims entitlement to ERISA-regulated benefits in this action and admits that ERISA governs this matter.

8. Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of 29 U.S.C. § 1132(a).

9. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331 and 1441(b), the district courts of the United States have original and exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties. Thus, this case may be removed to this Court by Defendants.

**Miscellaneous**

10. Written notice of the filing of this Notice of Removal will be given to the Plaintiff and, together with a copy of the Notice of Removal and supporting papers, will be filed with the clerk of the State Court, as provided by 28 U.S.C. § 1446(d).

11. All Defendants named in this action consent to this removal, as evidenced by the signatures of their counsel below.

12. Defendants will file with the Court certified or attested copies of the state court record within fourteen (14) days of removal, pursuant to Local Rule 81.1(c).

13. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the District of New Hampshire.

14. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral arguments in support of the position that this cause is removable.

15. By removing this matter, Defendants do not waive, or intend to waive, any defense or affirmative defense to the Complaint.

WHEREFORE, Defendants, by and through counsel, and through the filing of this Notice of Removal, the given of written notice thereof to the Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the State Court, effects the removal of said civil action to this Court.

| | |
|---|---|
| Dated: November 30, 2018 | Respectfully submitted, |
| | LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; and MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, |
| | By their Counsel, |
| | /s/ Byrne J. Decker<br>Byrne J. Decker (9300)<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>2 Monument Square, 7th Floor<br>Portland, ME 04101<br>Tel: (207) 387-2963<br>Fax: (207) 387-2986<br>byrne.decker@ogletree.com |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 30, 2018, a true and accurate copy of the foregoing document was served on Plaintiff's counsel of record by email and first class mail as follows:

James W. Craig, Esq.
1662 Elm Street
Manchester, NH 03101
jcraig@cda-law.com

                                        /s/ Byrne J. Decker